J-A11025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SEAN ARMSTRONG, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SEBASTIANO AUGELLO, | |
| Appellee | No. 2400 EDA 2014 |

Appeal from the Judgment Entered August 12, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 12-004980

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 21, 2015**

Appellant, Sean Armstrong, appeals from the judgment entered on August 12, 2014 in the Civil Division of the Court of Common Pleas of Delaware County.  After careful consideration, we affirm.

The trial court summarized the relevant facts as follows:

Appellant brought this action against Appellee, Sebastiano Augello, seeking damages from a motor vehicle collision that occurred on June 14, 2010.  Appellee did not dispute that he was at fault for the accident but contested [only] the nature and extent of the damages claimed.  The trial of this action commenced on April 14, 2014 and concluded on April 16, 2014 with the jury returning a verdict in favor of Appellant.  The jury determined that Appellant sustained a serious impairment of a body function as a result of the motor vehicle accident of June 14, 2010 and awarded Appellant $50,000.00 for past, present, and future pain and suffering, embarrassment and humiliation, and loss of enjoyment of life.  The parties stipulated to damages for past medical expenses totaling $1,562.00 and the jury awarded $0.00 damages for future medical expenses.

J-A11025-15

Trial Court Opinion, 12/16/14, at 1-2 (record citations omitted).

On April 25, 2014, Appellant filed a timely motion for post-trial relief asserting that the jury's failure to award damages for future medical expenses was against the weight of the evidence and, therefore, he was entitled to a new trial on that issue. The trial court denied Appellant's motion on July 14, 2014. Thereafter, on August 12, 2014, Appellant filed a praecipe to enter judgment on the jury's verdict. This timely appeal followed. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

Appellant's brief raises the following issue for our review:

Whether the trial court erred when it failed to award a new trial on the issue of damages for future medical expenses?

Appellant's Brief at 2.

In his lone claim on appeal, Appellant asserts that the jury's decision not to award damages for future medical expenses should be set aside as against the weight of the evidence. Appellant maintains that the jury's verdict "shocks one's sense of justice" and that, therefore, the trial court abused its discretion in refusing to grant a new trial on the issue of future medical expenses.

Our standard of review over such claims is well-established:

A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. Upon review, the test is not whether this Court would have reached the same result on the

- 2 -

evidence presented, but, rather, after due consideration of the evidence found credible by the [jury], and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion. Our standard of review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion.

*Elliot v. Ionta*, 869 A.2d 502, 504 (Pa. Super. 2005) (citation omitted).

Appellant's claim is that he is entitled to relief because the evidence of damages in the form of future medical expenses was uncontroverted. At trial, Appellant relied heavily upon the testimony of an expert witness, Dr. Bruce Grossinger, a neurologist who testified with respect to the effect of concussions and sleep disorders. Dr. Grossinger offered the opinion that, as a direct result of the June 14, 2010 accident, Appellant sustained serious and permanent brain injuries, including a concussion with loss of consciousness, cognitive abnormalities, post traumatic headaches and psychological symptoms, and post traumatic narcolepsy. Because of the permanent nature of these injuries, Dr. Grossinger concluded that Appellant will need to continue treatment in the future with Focalin and Xyrem,[1] medications which he stopped using when he lost medical insurance coverage in the Spring of 2013.

_____

[1] Focalin is a drug used to speed cognitive processing and to increase alertness and attention span. Xyrem is a medication used to treat symptoms associated with narcolepsy. The record establishes that both medications are costly and that Appellant could not afford them after he lost medical insurance coverage.

The trial court rejected Appellant's contention that he was entitled to a new trial on future medical expenses based upon Dr. Grossinger's testimony regarding Appellant's continuing need to use Focalin and Xyrem. In part, the court relied on the testimony of Appellee's expert neuropsychologist, Dr. Peter Badgio.[2] At trial, Dr. Badgio agreed that Appellant sustained a significant concussion but opined that Appellant made an excellent recovery in terms of general cognitive functioning. Through neuropsychological testing, Dr. Badgio determined that Appellant's Intelligence Quotient (IQ) score was in the average range and that his memory performance was average to high average in verbal, visual, and tactile memory tests. Dr. Badgio also testified that, "brain injuries get better over time. They don't come back. They don't get worse over time." N.T. Trial, 4/15/14, at 173. In addition, Dr. Badgio reviewed a report prepared by Dr. Glen Greenberg following neuropsychological testing performed on Appellant in December 2010, six months after the accident. Dr. Greenberg's report reflected that Appellant had nearly returned to "baseline" levels by December 2010. On cross-examination, Dr. Grossinger admitted that Dr. Greenberg was of the opinion that Appellant's condition had improved and would continue to do so

_____

[2] Dr. Badgio testified that he was not a medical doctor and that he did not prescribe or recommend medications. He also did not concede that Appellant would require Focalin or Xyrem in the future to support cognitive functioning.

until entirely resolved, given the anticipated recovery pattern for concussion victims.

The jury also heard testimony from Appellant that bore upon his need for continued use of prescription medications to support cognitive functioning. At the time of trial, Appellant testified that he had not used Focalin and Xyrem for more than one year. During this period, Appellant performed, on a continuous basis, security-related functions at events throughout the country. At this time, Appellant traveled to nearly a dozen events as part of his employment. Appellant also testified that he regularly engaged in athletic activities and actively socialized with his friends.

We conclude that the foregoing evidence called into question the factual underpinning of Dr. Grossinger's testimony, which asserted that Appellant would require Focalin and Xyrem in the future to support his cognitive functions. Hence, the testimony offered by Appellant's expert to support the claim that Appellant would incur future medical expenses, including the purchase of prescription medications, was not uncontroverted. A jury is entitled to accept or reject all, some, or none of the contested evidence and a conflict in the evidence does not compel a new trial. ***Elliot***, ***supra***. Thus, the jury's decision not to award Appellant future medical expenses was not so contrary to the evidence as to shock one's sense of justice. No relief is due on Appellant's claim.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2015